*Geo. C. Dixon*, for defendants.

— • ◦ • —

## Hampton, *Ex parte.*

No person but the party in whose favor a judgment is rendered, his agent, or attorney of record, can control or order process to enforce the judgment. Officers of court, or witnesses to whom fees are due, have not the power to order execution on a judgment owned by another.

*Opinion by* Williams, C. J.   In the matter of the motion of George S. Hampton, to rescind the order entered at this term, relative to certain executions issued by him as clerk of the 4th supreme court district, to the sheriff of Des Moines county, for costs.

The costs, for which the executions have been issued, accrued upon causes which were pending in the supreme court of this state, previous to the enactment of the law dividing the state into districts.

Upon the passage of the law creating four supreme court districts, the attorneys of the parties to the several suits, made an agreement in writing, that certain cases therein named, should be transferred from the docket at Iowa City, to that of the first district at Burlington, to be tried; and that in all those cases the costs should be paid by the losing party upon final judgment.

In order to the removal of the causes, the writ of error in each case was dismissed from the 4th district at Iowa

City, and the papers withdrawn according to the agreement; and they were regularly entered, without prejudice to the parties, on the docket of the 1st district at Burlington, there to be tried.

Such being the facts, and the causes being for trial and final disposal, the clerk of the supreme court for the 4th district, on his own motion, issued execution in each of these cases for his fees; judgment being entered for the costs on the dismissal of the writs in that district.

The supreme court being in session in the 1st district, the attorneys in these cases, appeared in court, and having directed the sheriff to return the executions to the clerk of the 4th district, whence they came, procured an order from this court, directing the clerk of the 4th district to make out and send to the clerk of the 1st district, a fee bill in each case, in order to the collection and payment of the fees in accordance with the practice in this state.

The motion now to be considered, is to rescind that order, so that executions may be allowed to issue as before.

The question is, whether the attorneys for the parties to a suit, have the power to control the cause until finally disposed of in the court, without interference on the part of the clerk, or other persons, who may be entitled to fees.

In conducting a cause in any of the courts of this state, before or after judgment, no person can be recognized as being authorized to control the case but the party, his agent, or attorney of record.

It not unfrequently happens that the parties, plaintiff and defendant in the exercise of right, and in the spirit of justice and compromise, agree upon terms, by which the stern and rigorous proceeding of the law is stayed, and time and opportunity afforded for the defeated party to satisfy the demands of the law, with the consent of his successful antagonist. Courts will not prevent the parties from acting with conciliation and forbearance, promotive of convenience.

To allow the officers of the court, or witnesses, to whom fees may be due, to step-in and control the cause, either

Loyd *v.* McClure.

before or after judgment, by ordering process to issue, would be a manifest privation of the rights of the parties.

A judgment when entered, is subject to the control of the party in whose favor it is. He, his agent, or attorney, may in the use of the proper process of the law, enforce it, and no other person. It is his judgment.

If fees be due to the officers of the courts, or witnesses, and they are unreasonably delayed in their collection by the parties to the proceeding, the law gives them a remedy for services rendered. They may enforce their rights by proceeding against the party liable.

In these cases, the attorneys acted in the exercise of rightful and legal power, by staying the executions and ordering their return. The causes in which the fees have accrued, being now in this court, by agreement of the attorneys for the parties, which makes provision for the payment of those fees as far as the parties are concerned, the fees which are due upon the docket at Iowa City, will be sent to the office of the clerk of this district, to be made part of the record in the cases to which they may appertain, subject to such further proceeding as may be proper for the parties interested.

Motion refused.

*Geo. S. Hampton, pro se.*

*J. C. Hall, contra.*